**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Jackson National Life Insurance Company, <br><br> Plaintiff, <br> v. <br><br> Keith Brown, Courtney Figueroa, Michael Figueroa, Kenneth Brown, <br><br> Defendant. | Case No. 2:22-cv-03602-RMG <br><br> **ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 55), recommending the Court grant Defendant Keith Brown's motion for summary judgment. No parties submitted objections to the R & R.

**I.   Background**

Plaintiff filed this action seeking a determination from the Court regarding the proper beneficiary or beneficiaries of the proceeds payable in connection with a life insurance policy issued to Clarence Smiley, Jr. Years after initiating the policy, Plaintiff received a Beneficiary Designation Supplement ("BDS"), naming Keith Brown as the sole irrevocable primary beneficiary of the Policy. After Mr. Smiley's death, Plaintiff received a letter from counsel for Kenneth Brown Sr., alleging a good faith belief that the current policy beneficiary designation on file is a forgery. Keith Brown submitted a claim for the proceeds, and Plaintiff filed this action to make a determination regarding the proper beneficiary or beneficiaries.

Keith Brown filed a motion for Summary Judgment, asserting that he is entitled to the proceeds from the life insurance policy. (Dkt. No. 51). No other parties filed a response in opposition to Keith Brown's motion. The Magistrate Judge issued and R & R. (Dkt. No. 55). No parties filed objections to the R & R. The matter is now ripe for the Court's review.

1

**II.   Standard**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**III.  Discussion**

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. The Magistrate Judge correctly found that no evidence in the record suggests that the BDS at issue is a forgery. The Magistrate Judge properly relied on the BDS and deposition testimony from the notary who signed the BDS in recommending that the Court grant Keith Brown's motion for summary judgment. Finding no error, the Court adopts and incorporates the R & R (Dkt. No. 55) and grants Keith Brown's motion for summary judgment (Dkt. No. 51).

## IV.     Conclusion

Based on the foregoing reasons, the Court **ADOPTS** the R &R (Dkt. No. 55) as the Order of the Court and **GRANTS** Keith Brown's motion for summary judgment (Dkt. No. 51). The Clerk of Court is directed to distribute the Proceeds held in the Registry of this Court to Keith Brown.

**AND IT IS SO ORDERED.**

                                       s/Richard Mark Gergel
                                       Richard Mark Gergel
                                       United States District Judge

September 19, 2023
Charleston, South Carolina